IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

L.G. PHILIPS LCD CO. LTD.,

    Plaintiff,                                Misc. F-07-0009 EFB
                                           Misc. S-07-0018 FCD EFB

    vs.

TATUNG COMPANY, et al.,              ORDER

    Defendants.
_____/

The above-captioned miscellaneous cases were before the undersigned on Wednesday, March 21, 2007, for hearing on defendant's motion for protective order and third-party Pelco's motion to quash, or alternatively, modify the subpoena duces tecum and notice of deposition.[1] Timothy R. Sullivan appeared as plaintiff's counsel. Marc Koenigsberg appeared as defense counsel, and Donald R. Fischbach appeared as counsel for Pelco.

**I.    BACKGROUND**

The underlying action is a patent infringement case, which is currently pending in the District of Delaware. Plaintiff, LG Philips LCD Co. Ltd. ("LG"), owns two patents which relate

---

[1] Defendants' motion was filed in the Sacramento division of this court, while Pelco's motion to quash was filed in the Fresno division. Because both motions sought to limit the scope of Pelco's deposition and its production pursuant to a subpoena duces tecum, the matters were deemed related and heard together by the undersigned.

to mounting systems used in visual display products such as liquid crystal display monitors, laptop computers and televisions.  Defendants Tatung Company and Tatung Company of America (collectively referred to as "defendants" and/or "Tatung") are manufacturers and resellers of computer monitors and other visual display products.  Plaintiff alleges that defendants have directly infringed its patents with respect to twenty of defendants' products (the "accused products").  Plaintiff also alleges that defendants have induced other parties, including third-party Pelco, to infringe plaintiff's patents.  Pelco, a partnership organized under the laws of California, is a Tatung customer.

On February 14, 2007, plaintiff noticed the deposition of Pelco for March 28, 2007, which was later rescheduled for March 22, 2007 in Fresno, California.[2]  Plaintiff also served Pelco with a subpoena duces tecum identifying documents Pelco was to produce either at or before the deposition.  On March 15, 2007, defendants filed with this court a motion for protective order to limit the scope of the Pelco deposition and related document production to the accused products in the underlying Delaware litigation.  In support of its motion, defendants argued that the sought-after discovery was irrelevant and unduly burdensome, and that it sought defendants' confidential business and trade information.

Both plaintiff and defendants point out that currently pending before the Special Master in Delaware are one or more discovery motions concerning the very issue of whether plaintiff is entitled to conduct discovery on "unaccused" products.  As of the March 21, 2007, hearing, the Special Master had not yet issued an order on those motions.  The discovery cut-off in this case is March 30, 2007.[3]

---

[2] As discussed at the hearing, there was some confusion by the parties and Pelco, as to where and when the deposition was to take place.  In documents filed with the court, one deposition notice indicates the deposition is to occur in Sacramento, while another indicates Fresno. The parties indicated that the deposition will occur in Fresno, California.

[3] After the hearing, counsel for plaintiff contacted the court and advised it that the discovery deadline had just been extended to sometime in May 2007.  In light of that

On March 7, 2007, third-party Pelco filed a motion to quash or modify the scope of the subpoena and scheduled deposition. Pelco sought to limit the scope of plaintiff's discovery, citing concerns that the requested discovery sought confidential, trade-secret information. After determining that the motions filed by Pelco and defendants were inextricably related, Pelco's motion was reassigned to the undersigned for expedited hearing, in light of the impending deposition.

## II.   ANALYSIS

Defendants' motion and Pelco's motion mirror each other in many ways as they seek to limit the scope of the third-party discovery served on Pelco.

### A. **Defendants' Motion**

Defendants seek a protective order limiting the scope of discovery aimed at third-party Pelco to the accused products in the underlying suit. Defendants argue that any discovery beyond the accused products is irrelevant. Plaintiff counters that it properly seeks information about *all* potentially infringing products, not just those that have so far been identified. The court agrees. Under Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery on any matter, not privileged that is relevant to the claims or defense of any party. . . .[and] relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the present case, plaintiff represents that it has asserted claims that defendants have induced third-parties to infringe plaintiff's patents. The discovery propounded on Pelco appears to seek information related to that claim insofar as it seeks to identify further incidents of infringement regarding the patents-in-suit.

Defendants also seeks to limit Pelco's discovery disclosures based on their claims that such discovery is aimed at obtaining defendants' proprietary trade secret information.

---

development, the parties and Pelco are free to decide among themselves whether the deposition will occur on March 22, 2007, or at some other time agreed upon by all those concerned.

There is no absolute privilege for trade secrets and similar confidential information. *Chembio Diagnostic Sys. v. Saliva Diagnostic Sys.*, 236 F.R.D. 129, 136 (E.D.N.Y. 2006). However, Federal Rule of Civil Procedure 26(c)(7) provides that a district court, "for good cause shown," may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." *Id.* (citations omitted). To demonstrate good cause under this provision, a party is required to establish a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Bank of New York v. Meridien Biao Bank Tanz, Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997) (citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* The party seeking the protective order must also show that the harm caused by its disclosure outweighs the need of the party seeking the disclosure. *Id.*

As discussed in more detail in the following section, defendants have not made a sufficient showing that the requested information qualifies as a trade secret or other confidential information. Furthermore, they have not indicated how any harm in disclosure is not adequately mitigated by the protective order already in place in the Delaware action.

**B. Pelco's Motion**

The court is similarly unpersuaded by Pelco's assertion the requested discovery threatens to expose highly confidential business information and trade secrets. First, the court finds that Pelco has failed to demonstrate that the requested information constitutes trade secret or highly confidential business information.

"Trade secret or commercially sensitive information must be important proprietary information and the party challenging the subpoena must make a strong showing that it has historically sought to maintain the confidentiality of this information." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 684 (N.D. Cal. 2006) (citations omitted).

////

1    Pelco's declaration supporting its motion merely asserts that it is not a publicly traded
2 company, i.e., that it is a partnership.  Pelco makes no declarations with respect to safeguards it
3 uses or has historically used to protect the requested information.  Pelco makes no showing that
4 the communications between it and defendants concerning the sale, manufacturing, marketing
5 and distribution of visual display products are protected by any privilege, or are otherwise
6 subject to confidentiality agreements.  Furthermore, in a letter dated February 27, 2007, from
7 Pelco's counsel to plaintiff's counsel, Pelco indicates its willingness to produce several
8 categories of requested information including:  "all contracts, supply agreements, licenses or
9 distribution agreements between Pelco and Tatung or ViewSonic; documents related to technical
10 specifications, manufacturing or assembly of Tatung and ViewSonic Products;" and, "documents
11 relating to the marketing of products to Pelco including brochures, etc."  Pelco's very recently
12 demonstrated willingness to produce such information undercuts its current claims that this and
13 similar information are protected trade secrets.

14    The court also notes that in defendants' motion for a protective order, defendants claim
15 some of the information sought by plaintiff from Pelco are *defendants'* proprietary trade secret
16 information.  Neither Pelco nor Tatung has suggested that a confidentiality agreement is in place
17 to govern their business relationship.  Absent such an arrangement between Pelco and Tatung, it
18 remains unclear how Pelco – a third party not in privity with Tatung – can have in its possession
19 *Tatung's* proprietary trade secret information.

20    Further, neither Tatung nor Pelco have provided a convincing explanation as to how the
21 protective order currently in place in the Delaware action fails to protect the allegedly sensitive
22 information.  That order applies to and protects confidential information produced by parties and
23 non-parties alike.   Under the provisions of that order, trade secret and highly sensitive business
24 information may be designated as "highly sensitive confidential information."  Such a
25 designation limits the disclosure of such information to the parties' attorneys only.  Thus, the
26 provisions of the protective order appear to obviate Tatung's and Pelco's concerns about plaintiff

5

1  obtaining a competitive advantage through Pelco's disclosure of the requested information.

2  Finally, based on plaintiff's representations in its opposition to defendants' motion for
3  protective order, it appears that defendants have been less than forthcoming with information
4  directly sought from it during discovery.  *See, e.g.,* Plaintiff's Opposition to Tatung's Motion for
5  Protective Order, at 4:23-27 (noting that plaintiff has had to obtain through third party discovery
6  information that defendants allegedly denied the existence of).  Given the difficulty in obtaining
7  information directly from defendants, third party discovery efforts appear to be justified.
8  Further, the protective order already in place accounts for and appears to adequately protect
9  defendants and Pelco alike from further disclosure of confidential information beyond the
10 parties' attorneys.

11 **III.   CONCLUSION**

12 In accordance with the foregoing, IT IS HEREBY ORDERED that:

13 1.  Defendants' motion for a protective order is denied;

14 2.  Pelco's motion to quash or modify the subpoena duces tecum and notice of deposition
15 is denied;

16 3.  Notwithstanding the denial of Pelco's motion, plaintiff shall limit the use of any
17 confidential or sensitive information produced by Pelco (at the deposition or in response to the
18 subpoena) in accordance with the terms regarding the handling of "highly sensitive confidential
19 information" set forth in the protective order in place in the District of Delaware;

20 4.  Notwithstanding the denial of defendants' and Pelco's motions, if the Special Master
21 in the District of Delaware issues an order prior to Pelco's scheduled deposition that limits
22 plaintiff's discovery to the accused products, the parties shall comply with the terms of any such
23 order or ruling.

24 IT IS SO ORDERED.

25 DATED:  March 21, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

26